UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**Donnie L. Geer, et al.,**

    **Plaintiffs,**

-V-                                                             **Case No. 2:2003cv0084**
                                                                  **JUDGE SMITH**
                                                                  **Magistrate Judge Abel**

**United Precast, Inc., et al.,**

    **Defendants.**


<u>**ORDER**</u>

    Plaintiffs Donnie L. Geer and Kathy Merrill-Geer, husband and wife, brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1140; the Medicare as secondary payor statute ("MSP"), 42 U.S.C. § 1395y(b); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102. Plaintiffs move for reconsideration of the Court's August 25, 2004 opinion and order (Doc. 62), in which the Court granted defendant E.S. Beverage and Associates Inc.'s ("ESB")  motion to dismiss, Ellis Brother's, Inc.'s ("Ellis Brothers") motion for judgment on the pleadings, and United Precast, Inc.'s ("United Precast") motion for judgment on the pleadings.  For the following reasons the Court denies plaintiffs'

motion for reconsideration.

The facts of this case and the Court's analysis are set forth in the Court's August 25, 2004 opinion and order. The Court will not repeat them here. Rather, the Court will briefly summarize its reasons for denying plaintiffs' motion for reconsideration.

With respect to the ADA, the Court firmly believes that the Amended Complaint does not fairly plead a claim that United Precast wrongfully sponsored a discriminatory Plan. This defect could be remedied by granting plaintiffs leave to file a second amended complaint. Moreover, after further consideration, it appears plaintiff may be correct that Geer would have standing to pursue such a claim. Nonetheless, a second amended complaint would be futile, as the Court remains convinced that Geer's discriminatory Plan claim is beyond the charge he brought before the EEOC.

With respect to ERISA, plaintiffs contend that the Plan provision terminating coverage is illegal under the ADA and therefore unenforceable. In this sense, plaintiffs have made their ERISA claim derivative of their ADA discriminatory Plan claim. The Court concludes that plaintiffs are precluded from arguing that the Plan is unlawful under the ADA as result of their failure

to present such a claim to the EEOC. Concerning plaintiff Merrill-Geer's purported ERISA 502 claim, the Court finds that defendant ESB moved to dismiss it, and the Court specifically addressed it, regardless of the fact that the term "ERISA 502" was not used.

With respect to the MSP, upon further consideration, the Court concludes that viewing the facts in the light most favorable to plaintiffs, the facts give rise to an inference that United Precast knew that Merrill-Geer was receiving Medicare benefits before Merrill-Geer's health insurance coverage was terminated. The Court nevertheless adheres to its earlier ruling. Merrill-Geer's coverage had expired long before United Precast discovered that she was receiving Medicare benefits. As the Court observed in its earlier opinion, by the time United Precast learned that Merrill-Geer was receiving Medicare benefits, "there was nothing left for defendants to 'take into account' under the MSP."

Based on the above, the Court **DENIES** plaintiffs' motion for reconsideration.

The Clerk shall remove Doc. 64 from the Court's pending CJRA motions list.

**IT IS SO ORDERED.**

      /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**